## White & ux. *versus* Dwinel.

An heir, claiming real estate under a deed to his ancestor, cannot prove the *genuineness* of such deed by the mere production of an office copy, although the persons, purporting, by the copy, to have been the parties and the subscribing witnesses and the register, are all dead.

On Report from *Nisi Prius*, Tenney, J.

Writ of Entry.

Mrs. White, one of these plaintiffs, is the sole heir-at-law of James Webster, under whom she claims, by inheritance, the land in controversy. The demandants allege that it was conveyed by Daniel Webster to said James, by a deed, executed and recorded in 1809. They produced an office copy of such a deed, and it purported to have been witnessed by three persons, and to have been recorded by B. Hall, register. The original deed is not in the registry.

The demandants filed their own affidavits, to the effect that the original deed is not to be found.

The parties and the subscribing witnesses to the supposed deed, and the said register, are all dead.

The demandants offered the office copy in evidence, but it was excluded. A nonsuit was then ordered, which, by agreement, is to be taken off, if the copy was admissible.

*Fessenden,* for the demandants.

The original deed with proof of its execution would doubtless have been the highest evidence. But, in this case, the best attainable evidence was the very copy which the Judge excluded.

This Court, under statute authority to establish rules, not repugnant to the laws of the State, have ordained that office copies may be used, except by grantees and their heirs. This proves that the reception of office copies is not repugnant to the laws of the State. It shows that by law such copies are evidence. For that Court could not, by one of its rules, make that evidence which the law had prohibited. And, in principle, there is no difference whether such evidence be offered by a grantee or any purchaser under him.

But we submit that an office copy, as an effect of the public registry, should be competent as evidence of a genuine original. Such a record places it above the presumption of forgery.

*Rowe* and *Bartlett*, for the tenant.

The demandants' case rests upon the fact, set up by them, that a genuine deed once existed.

They fail to prove it.

A *sworn* copy of a paper proves, at most, the existence of the original, and not its genuineness.

An *office* copy stops one step short of this. It purports to be but a copy of a copy. *Kimball* v. *Morrill*, 4 Greenl. 368.

The case of *Hewes* v. *Wiswall*, 8 Maine, 94, has gone the farthest in the admission of an office copy; and in that case, proof of the existence of the original, by persons who had seen it, was required before the copy was admitted.

WELLS, J., orally. —

An office copy is not evidence that a paper, of which it is a transcript, was a genuine paper.

The demandants claim by inheritance from the grantee in the supposed deed. The rule of the Court, allowing office copies, touching the realty, does not authorize the use of a copy by the heirs of a grantee.

There is then no competent evidence that a deed from Daniel Webster to James Webster ever had an existence.

*Nonsuit confirmed.*